```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
BRAVADO INTERNATIONAL GROUP                               :
MERCHANDISING SERVICES, INC.,                             :    No. 09 Civ. 7571 (SHS) (DF)
                                                          :
                        Plaintiffs                        :    REPORT AND
                                                          :    RECOMMENDATION
            -against-                                     :
                                                          :
SAFA SPORTSWEAR, INC., et al.,                            :
                                                          :
                        Defendants.                       :
------------------------------------------------------------------------X
```

**TO THE HONORABLE SIDNEY H. STEIN, U.S.D.J.:**

This action, in which plaintiff Bravado International Group Merchandising Services, Inc. ("Bravado") asserts claims of trademark infringement, copyright infringement, and unfair competition against a number of defendants, has been referred to me to report and recommend as to the appropriate disposition of the summary judgment motion filed by *pro se* defendant Hoon Je Kim ("Kim"). For the reasons set forth below, I respectfully recommend that the motion be denied without prejudice.

## BACKGROUND

Bravado alleges that, pursuant to a license agreement with Triumph International, Inc. ("Triumph"), an entity owned by the Michael Jackson estate, it has acquired the right to market and sell merchandise bearing "Michael Jackson" trademarks, including his likeness and certain artwork and/or photographs. (First Amended Complaint for Trademark and Copyright Infringement and Unfair Competition, dated Sept. 24, 2009 ("Am. Compl."), at ¶ 8.)[1] Bravado

---

[1] Although Bravado has moved for leave to file a Second Amended Complaint (Dkt. 40), that motion has not yet been resolved.

also alleges that it has been granted the exclusive reproduction rights in certain Michael Jackson works protected by federal copyright registrations. (*See id.*, at ¶ 42.) According to Bravado, defendants have engaged in the distribution and sale of shirts and other merchandise bearing the trademarks and/or covered by the copyrights at issue, without authorization from Bravado or Triumph. (*See generally id.*) As a result, Bravado commenced this action against defendants, seeking injunctive and certain forms of monetary relief under the Lanham Act, 15 U.S.C. § 1051, *et seq.,* the Copyright Act, 17 U.S.C. § 101, *et seq.,* and the common law prohibiting unfair competition. (*Id.*)

    Kim, one of the named defendants in the action, has moved pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment dismissing Bravado's claims against him. In an unsworn statement, Kim contends that, although he is associated with a retail company that is presumably one of Bravado's targets in this case (defendant USA Viking, Inc. ("Viking")), he is not an officer, principal, or shareholder of Viking, nor has he ever held such a position. (*See* unsworn "Affidavit" of Hoon Je Kim, dated Nov. 3, 2009 (attached to Notice of Motion (Dkt. 32)), at ¶ 3.) To the contrary, Kim asserts that his role with the company has been that of a mere employee, more specifically, a salesman at a particular retail location. (*Id.*, at ¶ 6.) Kim states that his wife is the president of Viking and that she "makes all of the day to day decisions, . . . purchases all of the merchandise and deals exclusively with the whole[salers]." (*Id.*, at ¶¶ 4, 8.) According to Kim, he has "no say" in these matters, and "[no] access to the records maintained by the corporate defendant." Rather, he contends, his wife "instructs" him as to his "daily duties and responsibilities." (*Id.,* at ¶ 8.) To support his statements, Kim submits a copy of an October 15, 2004 certificate evidencing his wife's ownership of shares in Viking (*id.,*

Ex. B), copies of 2006 and 2007 corporate tax returns for Viking, bearing the purported signature of his wife as president and officer of the company (*id.,* Ex. C), and a copy of what he claims to be a "salary and wage pay-stub," dated March 6, 2009, purportedly showing his own "monthly income as an employee" of Viking (*id,* Ex. D).

In opposition to Kim's motion, Bravado's counsel declares under penalty of perjury that, when a seizure at Viking was effected in connection with this action, he was present, he met Kim, and Kim "effectively held himself out as the person in charge of . . . [the] business." (Declaration of Kenneth A. Feinswog, Esq., dated Nov. 23, 2009 ("Feinswog Decl.") (Dkt. 34), at ¶ 2.) Bravado also submits a recent printout from the Internet, containing certain information about Viking and identifying Kim as the company's "owner." (*Id.,* at ¶ 2 and Ex. A (printout bearing the Internet page identification: http://www.manta.com/coms2/dnbcompany_6wm9z5 and the date Nov. 20, 2009).) Finally, Bravado submits a copy of an undated invoice that was purportedly seized from Viking and that, according to Bravado, shows the purchase and/or sale of a quantity of Michael Jackson shirts and (based on the signature on Kim's motion papers) bears what appears to be Kim's signature. (*Id.*, at ¶ 3 and Ex. B.)

Although Bravado filed its opposition to Kim's motion on December 3, 2009, Kim has not filed any reply, to date.

## DISCUSSION

As a preliminary matter, the Court notes that Kim's moving papers do not comply with either Rule 56 or the rules of this Court. Specifically, although his motion is supported by a so-called "affidavit," that affidavit has not been sworn, nor has Kim declared that his statements have been made under penalty of perjury. *See* Fed. R. Civ. P. 56(e); 28 U.S.C. § 1746. Nor has

3

Kim filed a statement of material undisputed facts, as required by Local Civil Rule 56.1.[2]  Even though Kim is proceeding *pro se,* and his submissions must therefore "be construed liberally and interpreted 'to raise the strongest arguments that they suggest,'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (collecting authority), he is not excused from filing a summary judgment motion that is properly supported by evidence in admissible form.

In any event, summary judgment is only appropriate where "there is no genuine issue as to any material fact" and the movant has shown that he "is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  In other words, summary judgment may only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *accord Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998).  The burden rests on the moving party to demonstrate the absence of a genuine issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), and the Court must view the record in the light most favorable to the non-movant by resolving all ambiguities and drawing all reasonable inferences in favor of that party, *Matsushita*, 475 U.S. at 587-88; *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1304 (2d Cir. 1995).

---

[2] Under this Court's rules, a party moving for summary judgment under Rule 56 must submit "a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civ. R. 56.1(a).  If the opposing party fails to respond to the moving party's Rule 56.1 Statement, then the material facts contained in the moving party's statement are deemed admitted as a matter of law. *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003); *see also* Local Civ. R. 56.1(c). "The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing the district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz v. Rockefeller,* 258 F.3d 62, 74 (2d Cir. 2001).

Here, Kim's submissions, even if read liberally, do not demonstrate the absence of any issue of material fact. This case is still in its early stages, and Bravado has not yet had the opportunity to test Kim's factual assertions through the discovery process. Moreover, even without the benefit of discovery, Bravado has obtained evidence that, if accorded all inferences favorable to Bravado, would suggest that Kim held a more significant position in Viking's management than he represents. Kim's submitted evidence, on the other hand, does not show unequivocally that his role in Viking was such that he could not be held liable on Bravado's claims. The 2004 stock certificate that Kim presents does not, for example, demonstrate that he currently owns no stock in the company (*see* Kim Aff., Ex. B); the corporate tax returns only cover 2006 and 2007 (*see id.,* Ex. C); and the supposed "pay-stub" that Kim has submitted does not, in itself, demonstrate that Kim did not act as the company's manager or supervisor in buying and/or selling the type of merchandise that is at issue in this case (*see id.,* Ex. D).

Furthermore, despite Kim's suggestion that his asserted "employee" status should relieve him from any potential liability in this case, an individual need not be a corporate owner or officer in order to be held personally liable for trademark or copyright infringement, or for unfair competition. *See, e.g., ABC Rug & Carpet Cleaning Service Inc. v. ABC Rug Cleaners, Inc.,* No. 08 Civ. 5737 (RMB) (RLE), 2009 U.S. Dist. LEXIS 54602, at *8-9 (S.D.N.Y. Mar. 23, 2009) (finding that plaintiff could state a Lanham Act claim against supervisory employee, if employee was the "conscious driving force behind the alleged infringement"); *Fugazy Int'l Travel Group v. Stargazer, Ltd.*, No. 02 Civ. 3373 (HB), 2003 U.S. Dist. LEXIS 378, at *6-8 (S.D.N.Y. Jan. 10, 2003) (denying motion to dismiss claims against management-level employee where the Court could not yet determine whether the employee "had the actual authority to be

5

deemed the 'moving, active conscious force' behind the defendant corporation's infringement" (citation omitted)).  Not only has Bravado raised a material factual issue as to Kim's potential ownership of and role in Viking, but the question of personal liability is a fact-specific one, and it is simply premature for the Court to make a determination at this stage as to whether Kim is entitled to summary judgment dismissing Bravado's claims.

## CONCLUSION

For all the foregoing reasons, I respectfully recommend that Kim's motion for summary judgment (Dkt. 32) be denied, without prejudice to renew the motion at the close of discovery.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Amended Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Sidney H. Stein, United States Courthouse, 500 Pearl Street, Room 1010, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, New York, 10007.  Any requests for an extension of time for filing objections must be directed to Judge Stein.  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d

298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
April 5, 2010

                                              Respectfully submitted,

                                              DEBRA FREEMAN
                                              United States Magistrate Judge

Copies to:

Hon. Sidney H. Stein, U.S.D.J.

All parties